UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REYNAURD M. GOBER,

    *Plaintiff,*　　　　　　　　　　Case No. 2:22-cv-11948

v.　　　　　　　　　　　　　　　　Gershwin A. Drain
　　　　　　　　　　　　　　　　　United States District Judge
DAVE MARTIN, and
DAVID MESSER,　　　　　　　　　　Patricia T. Morris
　　　　　　　　　　　　　　　　　United States Magistrate Judge
    *Defendants.*
_____/

# REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 15)

## I. RECOMMENDATION

For the following reasons, **I RECOMMEND** that this Court **GRANT** Defendants' motion for summary judgment on the basis of exhaustion, dismissing the retaliation claim against Defendant Martin and dismissing all claims against Defendant Messer **WITHOUT PREJUDICE**. (ECF No. 15).

## II. REPORT

### A. Procedural and Factual Background

On August 19, 2022, Plaintiff filed the instant action (ECF No. 1) based on events occurring at the Gus Harrison Correctional Facility (ARF) in Adrian, Michigan. Plaintiff alleges that Defendant Martin falsified a misconduct report for Plaintiff's February 22, 2020, class II misconduct report based on unauthorized

1

occupation of a cell by falsely stating Plaintiff was present at the hearing. Plaintiff also alleges that while serving sanctions for the class II misconduct ticket, Plaintiff appealed the misconduct ticket and Defendant Messer pulled the ticket on or about March 24, 2020. Plaintiff also alleges tht after he filed a grievance against Defendant Martin on March 2020 regarding the misconduct ticket, Defendant Martin called Plaintiff a snitch, then Defendants Martin and Messer retaliated against Plaintiff by threatening Plaintiff with a transfer.

Plaintiff seeks monetary damages of $150,000 and punitive damages in the amount of $150,000. (ECF No. 1, PageID.53.)

Defendants filed the instant motion for summary judgment on June 12, 2023. (ECF No. 15.) Plaintiff responded (ECF No. 19), and Defendants replied. (ECF No. 20.)

### B. Summary Judgment Standard

A court will grant a party's motion for summary judgment when the movant shows that "no genuine dispute as to any material fact" exists. Fed. R. Civ. P. 56(a). In reviewing the motion, the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears "the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.

2

1989) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted). In making its determination, a court may consider the plausibility of the movant's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper when the moving party shows that the non-moving party cannot meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot merely rest on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). The non-movant cannot withhold evidence until trial or rely on speculative possibilities that material issues of fact will appear later. 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2739 (3d ed. 1998). "[T]o withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D. N.J. 2010). In doing so, the non-moving party cannot simply assert that the other side's evidence lacks credibility. *Id.* at 493. And while a pro se party's arguments are entitled to liberal construction, "this liberal standard does not ... 'relieve [the party] of his duty to meet the requirements necessary to defeat a motion

for summary judgment.'" *Veloz v. New York*, 339 F. Supp. 2d 505, 513 (S.D.N.Y. 2004) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). "[A] pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. The court will rely on the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992). After examining the evidence designated by the parties, the court then determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so onesided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

### C. Exhaustion Under the PLRA

Under the Prison Litigation Reform Act ("PLRA") of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Woodford*, 548 U.S. at 90.

MDOC Policy Directive ("P.D.") 03.02.130, effective March 18, 2019, prescribes the three-step administrative exhaustion process for grievable matters. At Step I, a prisoner must "attempt to resolve the issue with the staff member involved within two business days" and, if unsuccessful, must file a grievance within five business days. *Id.* at ¶ Q. If the inmate is dissatisfied with the disposition of the grievance, or does not receive a response ten days after the due date, he or she may file a Step II grievance using the appropriate form. *Id.* at ¶ DD. Similarly, if the

5

inmate is dissatisfied with the Step II response or does not receive a response for ten days after the response was due, he or she may file a Step III grievance. *Id.* at ¶ HH.

To be properly exhausted, a defendant must be named at Step I. P.D. 03.02.130, ¶ S provides:

> The issues should be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included.

(underscore in original).

### D. Analysis

Defendants proffer a Step III grievance report that indicates that Plaintiff filed one grievance through Step III while housed at ARF, MTU-18-10-1001-27z. That grievance named Defendant Martin and complained about him issuing a false misconduct hearing report. (ECF No. 15, PageID.114, 138-139 (Affidavit of Carolyn Nelson), 140 (Report)).

Defendant Martin notes that, in the grievance, Plaintiff's complaint about Defendant Martin issuing a false misconduct report may satisfy the protected conduct element, it cannot also serve as a vehicle through which Plaintiff asserted and exhausted a retaliation claim. Defendants cite *Mays v. Pynnonen*, 2021 WL 469041, at *6 (W.D. Mich. Jan. 5, 2021). In that case, the judge indicated that a retaliation claim could have been exhausted if Plaintiff had filed a separate grievance alleging retaliation based on the former grievance or if Plaintiff had added the

6

retaliation issue in his Step II and Step III appeals but he had not. *Id*. Similarly here, Plaintiff did not file a separate grievance alleging retaliation based on his filing of grievance 10-1001, nor did he add this claim to his Step II or III appeals. Accordingly, I recommend the court find that Plaintiff ahs not exhausted his retaliation claim against Defendant Martin.

As to Defendant Messer, as indicated above, he is mentioned in the Step I grievance as having acted on Defendant Martin's falsifications but there are no claims lodged against him. Thus, he would have no notice of any challenge based on his conduct. In addition, his name is not even mentioned at Steps II or III. (ECF No. 15, PageID.144-145.)  I therefore recommend that Plaintiff's claims against Defendant Messer be dismissed for failure to exhaust. See, *Claybron v. DeAngelo*, 2023 WL 2572456, at *4 (E.D. Mich. Mar. 20, 2023)(plaintiff failed to exhaust where defendant aware of allegations against other staff but was not on notice of any challenge based on her conduct).

To the extent that Plaintiff argues exhaustion was not available or would be futile in his response (ECF No. 19), this conclusion is not undermined by this conclusory argument. See, *Moses v. Campbell*, 2022 WL 2805145, at *6 (E.D. Mich. July 18, 2022).

### E. Conclusion

For these reasons, **I RECOMMEND** that that this Court **GRANT** Defendants' motion for summary judgment on the basis of exhaustion, dismissing the retaliation claim against Defendant Martin and dismissing all claims against Defendant Messer **WITHOUT PREJUDICE**. (ECF No. 15).

### III. <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

8

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 13, 2023

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge