UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REYNAURD M. GOBER,

          Plaintiff,

                                              Case No.: 2:22-cv-11948

v.                                            Hon. Gershwin A. Drain

DAVE MARTIN,

          Defendant.
_____/

### ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [ECF No. 35], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF No. 30], AND DENYING PLAINTIFF'S MOTION OPPOSING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF No. 32]

Plaintiff Reynaurd M. Gober ("Plaintiff"), an inmate at Muskegon Correctional Facility proceeding *pro se* and *in forma pauperis*, initiated this action pursuant to 42 U.S.C. § 1983 on August 19, 2022. ECF No. 1. He alleges that prison officials at Gus Harrison Correctional Facility violated his due process rights by falsifying a misconduct hearing report and retaliated against him when he filed a grievance about the matter. ECF No. 1, PageID.50; ECF No. 19, PageID.161–65.

Presently before the Court is Defendant Dave Martin's second Motion for Summary Judgment. ECF No. 30. Defendant requests that the Court enter summary judgment on Plaintiff's remaining due process claim because Plaintiff has failed to

1

show that Defendant violated his procedural or substantive due process rights, or in the alternative, because Defendant is entitled to qualified immunity. *See id.* In response—which Plaintiff filed as a Motion opposing Defendant's Motion for Summary Judgment—Plaintiff claims there is a genuine issue of material fact whether Defendant violated his due process rights. *See* ECF No. 32. Plaintiff filed an additional response asking the Court to stay the proceedings until additional discovery is completed. *See* ECF No. 34.

The Court referred the matter to Magistrate Judge Patricia T. Morris on June 14, 2023. ECF No. 16. Magistrate Judge Morris recommends granting Defendants' Motion, and *sua sponte* dismissing Plaintiff's remaining claims for violations of the United States Penal Code, the Eighth Amendment, and the Michigan Constitution, under 28 U.S.C. § 1915(e)(2)(B). *See* ECF No. 35. Plaintiff has allowed his time to object to Magistrate Judge Morris's recommendation to lapse. Fed. R. Civ. P. 72(b)(2).

Upon review of the parties' briefing, the record, and Magistrate Judge Morris's Report and Recommendation, the Court determines that Magistrate Judge Morris reached the correct conclusion. The Court only adds that it must deny Plaintiff's request in his second response to stay the case pending discovery, because discovery will not make a difference to the Court's legal conclusion. Accordingly, the Court **ACCEPTS AND ADOPTS** Magistrate Judge Morris's Report and

Recommendation [ECF No. 35] as this Court's findings of fact and conclusions of law.[1]

Defendant's Motion for Summary Judgment [ECF No. 30] is hereby **GRANTED.** Plaintiff's remaining claims are **DISMISSED.**

**SO ORDERED.**

**Dated:** April 21, 2025     /s/Gershwin A. Drain
                              HON. GERSHWIN A. DRAIN
                              UNITED STATES DISTRICT JUDGE

---

[1] The parties spent significant time in their briefing addressing whether Plaintiff has demonstrated a claim for substantive due process. In her Report and Recommendation, Magistrate Judge Morris did not discuss substantive due process, only procedural due process. *See* ECF No. 35, PageID.329–30. Plaintiff's Complaint raises a "Due Process" claim without distinguishing between substantive and procedural. *See* ECF No. 1, PageID.50. However, based on Plaintiff's framing of the issue, it appears only procedural due process is in question. *See id.* (stating that Defendant "violated Plaintiff due process rights by depriving Plaintiff Gober of an hearing reguarding an Class II Misconduct." (quoted as written)). Regardless, any substantive due process claim would similarly fail because Plaintiff's argument that Defendant retaliated against him is governed by the First Amendment, and his argument that he was denied a hearing is governed by procedural due process under the Fourteenth Amendment. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." (internal quotation marks and citation omitted)).

CERTIFICATE OF SERVICE

Copies of this Order were served upon unrepresented parties and attorneys of record on April 21, 2025, by electronic and/or ordinary mail.

<u>/s/ Marlena Williams</u>
Case Manager